CITY OF WHITEWATER, Plaintiff-Respondent,

v.

VIVID INC., Defendant-Appellant.†

Court of Appeals

*No. 86–1666. Submitted on briefs April 20, 1987.—Decided
July 1, 1987.*

(Also reported in 412 N.W.2d 519.)

On behalf of the defendant-appellant the cause
was submitted on the briefs of *David C. Moore* of
*Wesner, Fowler & Moore* of Janesville.

On behalf of the plaintiff-respondent the cause
was submitted on the brief of *Allen, Harrison, Williams & McDonell* of Whitewater.

† Petition to review pending. This petition was not disposed of
at the time the volume went to press. Its disposition will be reported
in a later volume.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J. This appeal concerns an outdoor billboard owner's claim for compensation resulting from the landowner-municipality's decision not to renew the lease. The argument is that pursuant to sec. 84.30(6), Stats., which is part of Wisconsin's derivative of the Federal Highway Beautification Act, a governmental entity must pay just compensation any time, and by whatever means, it causes an advertising structure to be removed. We hold, however, that because the municipality is the landowner here, it had a landowner's right not to renew the lease and therefore it does not have to pay compensation.

Vivid Inc. is engaged in the business of placing advertising structures along highways and thoroughfares. Vivid entered into a long-term lease on land owned by a farmer named Tratt. It then built and maintained a billboard on that property. The land upon which the billboard was placed is located adjacent to Highway 12, just outside the Whitewater city limits.

Eventually, Tratt sold his farm to a subdivision developer. When the property was subdivided, that part of the land where the billboard is located was dedicated to the city of Whitewater. When Vivid's lease came up for renewal, the city decided not to renew and demanded that the billboard be removed. When Vivid refused to remove the billboard, the city brought an injunction action alleging trespass. Vivid answered, contending *inter alia,* that it was entitled to just compensation simultaneous with removal. The trial court agreed that Vivid was entitled to just compensation but ruled that compensation must be obtained by an administrative order from the Depart-

613

ment of Transportation. It granted the injunction and denied compensation.

Vivid's argument focuses upon sec. 84.30, Stats., Wisconsin's response to the Federal Highway Beautification Act of 1965. Congress enacted that law for the purpose of controlling outdoor advertising signs and devices along the federal interstate and primary highway systems[1] "to promote the safety and recreational value of public travel, and to preserve natural beauty." 23 U.S.C. § 131(a) (1970).[2] The Act requires the states to enforce this law when any sign lies within 660 feet of a road right-of-way. If the state does not pass its own enforcement legislation, that state faces a ten percent reduction in federal highway funds. 23 U.S.C. § 131(b) (1970).[3] Wisconsin complied by passing sec. 84.30 as its enforcement tool.

---

[1]No issue is raised concerning whether Highway 12, just outside the Whitewater city limits, is a federal aid primary highway. We assume for the purposes of appeal that it is.

[2]23 U.S.C. § 131(a) (1970):

> The Congress hereby finds and declares that the erection and maintenance of outdoor advertising signs, displays, and devices in areas adjacent to the Interstate System and the primary system should be controlled in order to protect the public investment in such highways, to promote the safety and recreational value of public travel, and to preserve natural beauty.

[3]23 U.S.C. § 131(b) (1970):

> Federal-aid highway funds apportioned on or after January 1, 1968, to any State which the Secretary determines has not made provision for effective control of the erection and maintenance along the Interstate System and the primary system of outdoor advertising signs, displays, and devices which are within six hundred and sixty feet of the nearest edge of the right-of-way and visible from the main traveled way of the system, shall be reduced by amounts equal to 10 per centum of the amounts which would otherwise be apportioned to such State under section 104 of this title, until such time as such State shall provide for such effective

The federal act provides for just compensation when a sign is removed. 23 U.S.C. § 131(g) (1970).⁴ Under this statute, the federal and state and local governments share the payment of compensation. Wisconsin passed a similar provision allowing just compensation when a sign is removed. *See* sec. 84.30(6), Stats.⁵

control. Any amount which is withheld from apportionment to any State hereunder shall be reapportioned to the other States. Whenever he determines it to be in the public interest, the Secretary may suspend, for such periods as he deems necessary, the application of this subsection to a State.

⁴23 U.S.C. § 131(g) (1970):

Just compensation shall be paid upon the removal of the following outdoor advertising signs, displays, and devices—
 (1) those lawfully in existence on the date of enactment of this subsection,
 (2) those lawfully on any highway made a part of the interstate or primary system on or after the date of enactment of this subsection and before January 1, 1968, and
 (3) those lawfully erected on or after January 1, 1968.

The Federal share of such compensation shall be 75 per centum. Such compensation shall be paid for the following:
 (A) The taking from the owner of such sign, display, or device of all right, title, leasehold, and interest in such sign, display, or device; and
 (B) The taking from the owner of the real property on which the sign, display, or device is located, of the right to erect and maintain such signs, displays, and devices thereon.

⁵Section 84.30(6), Stats.:

 (6) **Just compensation.** The department shall pay just compensation upon the removal or relocation on or after March 18, 1972, of any of the following signs which are not then in conformity with this section, regardless of whether the sign was removed because of this section:
 (a) Signs lawfully in existence on March 18, 1972.
 (b) Signs lawfully in existence on land adjoining any highway made an interstate or primary highway after March 18, 1972.

To avoid having to pay compensation, many local governments across the country ordered removal based upon zoning ordinances and the like which were not promulgated pursuant to the Highway Beautification Act. The local governments argued that removal was accomplished pursuant to their police power, not as a result of the Act, and, therefore, the just compensation provision of the federal Act was inapplicable. Various appellate courts upheld this reasoning.[6] These courts reasoned that the Highway Beautification Act does not preempt the municipality's police power. *Art Neon Co. v. City and County of Denver,* 488 F.2d 118, 123 (10th Cir. 1973), *cert. denied,* 417 U.S. 932 (1974).

Additionally, a decision of the Federal Highway Administration held that a state could not be penalized for failure to have effective control of outdoor advertising when a municipality by general zoning ordinance provided for the removal of signs adjacent to federal highways without payment of just compensation. *See Lamar-Orlando Outdoor Advertising v. City of Ormond Beach,* 415 So. 2d 1312, 1319 (Fla. Dist. Ct. App. 1982).

Apparently in response to these events, 23 U.S.C. § 131(g) (1970) of the Federal Highway Beautification Act was amended in 1978 as follows:

(c) Signs lawfully erected on or after March 18, 1972.

[6]*See Donnelly Advertising Corp. v. Mayor and City Council of Baltimore,* 370 A.2d 1127 (Md. 1977); *Markham Advertising Co. v. State,* 439 P.2d 248 (Wash. 1968), appeal dismissed for want of substantial federal question, 393 U.S. 316 (1969). *See also* Annotation, *Validity and Construction of State or Local Regulation Prohibiting the Erection or Maintenance of Advertising Structures Within a Specified Distance of Street or Highway,* 81 A.L.R.3d 564 (1977).

Just compensation shall be paid upon the removal of any outdoor advertising sign, display, or device lawfully erected under state law and not permitted under subsection (c) of this section, *whether or not removed pursuant to or because of this section.* [Emphasis added.]

Surface Transportation Assistance Act of 1978, Pub. L. 95–599, § 122(a), 92 Stat. 2689, 2701 (1978). Wisconsin followed suit with a similar amendment to sec. 84.30(6), Stats., adding the words that compensation must be paid "regardless of whether the sign was removed because of this section." Sec. 1, ch. 253, Laws of 1979.

Vivid claims this amendment means that even if a government acts by means other than its authority under the Highway Beautification Act, it must still pay just compensation.

We do not agree. In each case decided prior to the 1975 amendment where a court upheld the taking without just compensation, the taking was accomplished pursuant to the government's use of police power. *See* Annotation, *Validity and Construction of State or Local Regulation Prohibiting the Erection or Maintenance of Advertising Structures Within a Specified Distance of Street or Highway,* 81 A.L.R.3d 564 (1977). The 1978 amendment and its Wisconsin counterpart were designed to prevent the use of general zoning ordinances as a means of circumventing payment.

The city of Whitewater is not using its police power in this instance; it is not asserting its authority by reason of a zoning ordinance. It is a landowner and is asserting what it argues are all the rights, duties and obligations of a landowner.

Vivid responds that this is a distinction without a difference. It claims that sec. 84.30(6), Stats., is a remedial statute that must be construed broadly to achieve its purpose. It reasons that the amendment's purpose is to reign in the "raw power of government" from "overstepping" its bounds.

We agree that the amendment's purpose is to reign the power of government to take property of a citizen without compensation. By "power," however, it is the *police* power that the legislation was designed to restrain. As pointed out in the 1965 Report of the U.S. Senate Committee on Public Works:

> The committee emphatically and unanimously rejects the use of *police power* in acquiring these rights, [advertising] and has provided for the use of Federal funds for paying the Federal pro rata share of the acquisition costs of such rights through purchase or condemnation. Such payment is mandatory, not permissive, on the States. [Emphasis supplied.]

S. Rep. No. 709, 89th Congress, quoted in *Walker v. Department of Transp.,* 366 So. 2d 96, 100 n. 13 (Fla. Dist. Ct. App. 1979).[7]

---

[7]As further discussed in Cunningham, *Billboard Control Under Highway Beautification Act of 1965,* 71 Mich. L. Rev. 1296, 1313 (1973):

> It should be emphasized that Congress, in including the just compensation requirement in title I, intended to do more than simply affirm state and federal constitutional guarantees of just compensation when private property is taken for public use. If that were all that subsection (g) was intended to do, any state that can constitutionally use its police power to effect the removal of highway advertising signs would be free of the federal compensation requirement, because in such a case there would be no 'taking' of private property in the constitutional sense. But

There is simply no indication that Congress or the state of Wisconsin intended the significant alteration of well-established landlord-tenant law which Vivid urges took place. The intent was only to provide a check on the use of police power. If a landlord chooses not to renew a lease and the landlord happens to be a municipality, a tenant's interest is clearly not compensable under traditional principles of law. In this case, the landlord chose not to renew; there can be no compensation.

The trial court ruled that Vivid was entitled to compensation under sec. 84.30, Stats., but also ruled that compensation had to be accomplished administratively. It, therefore, denied Vivid's claim for compensation and granted the city's request for injunction. If a trial court reaches the proper result for the wrong reason, it will be affirmed. *Liberty Trucking Co. v. DILHR,* 57 Wis. 2d 331, 342, 204 N.W.2d 457, 463–64 (1973). We affirm the granting of the injunction.

*By the Court.*—Judgment affirmed.

---

Congress intended virtually to rule out use of state police power and to require the states, when highway advertising signs are removed, either to pay the sign owners and landowners affected by the removal just compensation determined by mutual agreement or to utilize their power of eminent domain. If a state uses its power of eminent domain, 'just compensation' must, of course, be determined by the state courts in accordance with their usual rules in eminent domain cases.