VIVID, INC., a Wisconsin Corporation, Plaintiff-Appellant,

v.

Ronald R. FIEDLER, Secretary of the Wisconsin Department of Transportation and the Wisconsin Department of Transportation, Defendants-Respondents-Petitioners.

Supreme Court

*No. 90–2787. Oral argument November 29, 1993.—Decided March 16, 1994.*

(Also reported in 512 N.W.2d 771.)

For the defendants-respondents-petitioners the cause was argued by *Robert W. Larsen,* assistant attorney general, with whom on the briefs were *Michael E. Perino,* assistant attorney general and *James E. Doyle,* attorney general.

For the plaintiff-appellant there was a brief by *Thomas S. Hornig, Marc T. McCrory,* and *Brennan, Steil, Basting & MacDougall, S.C.,* Janesville, and oral argument by *Thomas S. Hornig.*

Amicus curiae brief was filed by *Thomas M. Olejniczak, Susan A. Wegner* and *Liebmann, Conway, Olejniczak & Jerry, S.C.,* Green Bay for the Outdoor Advertising Association of Wisconsin.

Amicus curiae brief was filed by *Eric M. Rubin, Walter E. Diercks, Darrin N. Sacks* and *Rubin, Winston, Diercks, Harris & Cooke,* Washington, D.C. and of counsel *Thomas M. Olejniczak, Susan A. Wegner* and *Liebmann, Conway, Olejniczak & Jerry, S.C.,* Green Bay for the Outdoor Advertising Association of America, Inc.


HEFFERNAN, CHIEF JUSTICE. This is a review of a published decision of the court of appeals, *Vivid, Inc. v. Fiedler,* 174 Wis. 2d 142, 497 N.W.2d 153 (Ct. App. 1993), reversing a summary judgment of the Rock County Circuit Court dismissing Vivid's petition

to institute condemnation proceedings. The issue we address on this appeal is whether sec. 84.30(6), Stats.,[1] requires payment of just compensation for signs that the DOT required Vivid to remove in the course of a highway expansion project. We conclude that sec. 84.30(6) requires payment of just compensation because Vivid meets both of the statutory criteria—the signs were not in conformity with sec. 84.30 and they were lawfully in existence on March 18, 1972. Therefore, we affirm the decision of the court of appeals with the modification that the cause be remanded to the circuit court for a determination of the amount of just compensation that the DOT must pay to Vivid.

Vivid owned two billboards that were located south of the point at which Avalon Road intersects Interstate 90 near Janesville, Wisconsin. The sign to the west of I–90 was visible to southbound traffic, while the sign to the east of I–90 was visible to northbound traffic. One sign was erected on or before 1965, while the other was erected in April of 1966. Both signs were within 660 feet of the nearest edge of the I–90 right-of-way.

In a letter dated September 10, 1987, the DOT informed Vivid that it was planning to improve state trunk highway 351 (Avalon Road) and that Vivid's property would be "affected" by this project. Apparently to make improvements to the Avalon Road interchange at I–90, the DOT needed to enlarge the

---

[1] Section 84.30(6), Stats. 1991–92 provides:

**Just Compensation.** The department shall pay just compensation upon the removal or relocation on or after March 18, 1972, of any of the following signs which are not then in conformity with this section, regardless of whether the sign was removed because of this section:

  (a)  Signs lawfully in existence on March 18, 1972.

right-of-way for I–90 and the Avalon Road entrance and exit ramps. In a second letter dated March 7, 1988, the DOT informed Vivid that it was in the process of acquiring the land on which Vivid's signs were located. The DOT stated that Vivid would need to relocate its signs.

Following the procedure set forth in sec. 32.05, Stats., which governs condemnation for transportation facilities, the DOT acquired the two parcels of land on which Vivid's signs were located.[2] The DOT then sent Vivid a notice of order for removal, dated December 19, 1988, informing Vivid that the signs had to be removed by March 31, 1989.[3]

The notice also discussed the compensation the DOT considered applicable. It was the DOT's position that the signs were Vivid's personal property and could be moved to another permitted location within the market area. According to the DOT, under sec. 32.19(3)(a), Stats., which governs payment of moving expenses for personal property in condemnation proceedings, Vivid was entitled to reimbursement for reasonable expenses incurred to search for a new site and to move the signs. The DOT added that if Vivid could show that the signs could not be moved, then Vivid could be reimbursed for the actual, direct loss of tangible personal property. Finally, the DOT stated that in order to receive payment, Vivid should file a claim under sec. 32.20, Stats., which sets forth a procedure for collection of damages itemized in sec. 32.19.

---

[2] Vivid had leases to maintain the signs at each site. DOT reached a negotiated settlement with one land owner and, after failing to reach a settlement with the second land owner, made an award of compensation.

[3] Vivid removed the sign and posts on the west side of I–90 on April 1, 1989, and the sign on the east side on April 11, 1989.

Disagreeing with the DOT's interpretation of the compensation to which it was entitled, Vivid filed a petition to institute condemnation proceedings on October 17, 1989, a process which is better known as inverse condemnation. Vivid alleged that removal of the billboards was a "taking" that required just compensation. The circuit court granted summary judgment to the DOT.

The court of appeals reversed, holding that under article I, section 13 of the Wisconsin Constitution, outdoor advertising signs are "property" which may not be taken for public use without just compensation. The court added that, because the DOT had not provided just compensation, Vivid was entitled to maintain an inverse condemnation proceeding under sec. 32.10.

Vivid argues that it is entitled to just compensation on several different grounds. Without reaching the other arguments, we conclude that sec. 84.30(6) requires that the DOT pay Vivid just compensation.[4] Because the Wisconsin legislature passed sec. 84.30, Stats., to comply with the requirements of a federal

[4] Several other issues were raised on this review: whether Vivid was entitled to just compensation by the Due Process Clause of the United States Constitution or art. I, § 13 of the Wisconsin Constitution for removal of the billboards; assuming Vivid was entitled to compensation, whether Vivid could maintain inverse condemnation proceedings, as set forth in sec. 32.10, Stats., when DOT had followed eminent domain proceedings under sec. 32.05, Stats., to acquire the land on which the signs were located; and whether billboards are personal property and thus billboard owners are limited to relocation benefits under sec. 32.19, Stats., when a state utilizes eminent domain to acquire the property on which the billboard is located. Because we conclude that sec. 84.30(6), Stats., requires that DOT pay Vivid just compensation for the billboards in this case, we need not address these other issues.

statute, 23 U.S.C. § 131, we begin by analyzing the relationship between these two statutes. The federal Highway Beautification Act, 23 U.S.C. § 131, established incentives for states to control billboards along federal interstate and primary highways. The express purposes of the statute are "to protect the public investment in such highways, to promote the safety and recreational value of public travel, and to preserve natural beauty." 23 U.S.C. § 131(a). To achieve these purposes, states are asked to make "provision for effective control of the erection and maintenance along the Interstate System and the primary system of outdoor advertising signs, displays, and devices". 23 U.S.C. § 131(b).

The statute adds that the provision for "effective control" must apply to two groups of signs: after January 1, 1968, it applies to signs that are within 660 feet of the nearest edge of the right-of-way and visible from the main traveled way of the system; after January 1, 1975, it applies to signs that are more than 660 feet away, located outside urban areas, visible from the main traveled way and erected with the purpose of having their message read from the main traveled way. *Id.* If the Secretary of the U.S. Department of Transportation determines that a state has not made the necessary provision for "effective control" of billboards, that state's federal-aid highway funds are reduced by ten percent until such time as the state does make such provision. *Id.*

Next, 23 U.S.C. § 131(c) defines "effective control" to inform states of the specific limitations they are expected to put in place. "Effective control" means that within the distances set forth above, only the following signs can be displayed: directional and official signs; signs advertising sale or lease of property on which

they are located; signs advertising activities conducted on the property on which they are located; landmark signs such as those of historic or artistic significance; signs advertising free coffee. 23 U.S.C. § 131(c). Vivid's signs do not fit within any of these exceptions. Thus, the signs are nonconforming under the federal statute.

The federal statute also makes provision for payment of just compensation, stating in relevant part:

> Just compensation shall be paid upon the removal of any outdoor advertising sign, display, or device lawfully erected under State law and not permitted under subsection (c) of this section, *whether or not removed pursuant to or because of this section.*

23 U.S.C. § 131(g) (emphasis added). The italicized portion of subsection (g) was added to this statute by an amendment passed in 1978.[5] Surface Transportation Assistance Act of 1978, Pub. L. 95–599, § 122(a), 92 Stat. 2689, 2701 (1978). Payment of this statutory just compensation is part of the "effective control" which states must provide in order to avoid the ten percent reduction in federal highway funds. *National Advertising Co. v. City of Ashland,* 678 F.2d 106, 108 (9th Cir. 1982); *City of Fort Collins v. Root Outdoor Advertising, Inc.,* 788 P.2d 149, 154 (Colo. 1990).

---

[5] The amendment was apparently passed to overrule a Federal Highway Administration decision holding that a state could not be penalized for failure to have "effective control" of highway signs when a municipal ordinance provided for removal of such signs without payment of just compensation. *Lamar-Orlando Outdoor Advertising v. City of Ormond Beach,* 415 So. 2d 1312, 1319 (Fla. App. 1982) (citing H.R. No. 1485, 95th Cong., 2d Sess. 1, 15, *reprinted in* 1978 U.S. Code Cong. & Ad. News 6575, 6591).

In 1971, the Wisconsin legislature passed sec. 84.30, Stats., to comply with the requirements of 23 U.S.C. § 131. Section 84.30(1) states that one of the purposes of the statute is "to conform to the expressed intent of congress to control the erection and maintenance of outdoor advertising signs, displays and devices adjacent to the national system of interstate and defense highways". The relevant provisions of sec. 84.30, while not identical to those of 23 U.S.C. § 131, closely parallel the federal statute. Section 84.30(3) prohibits erection or maintenance of any sign "visible from the main-traveled way of any interstate or federal-aid highway", except the following: (a) directional or other official signs; (b) signs advertising sale or lease of property upon which they are located; (c) signs advertising activities conducted on the property on which they are located; (d) signs located in business areas on March 18, 1972; (e) signs erected in business areas subsequent to March 18, 1972, which will comply with 84.30(4); (f) signs located in urban areas outside the adjacent area;[6] (g) landmark signs; (h) signs outside the adjacent area not erected for the purpose of being read from the main traveled way; (i) signs on farm buildings that promote a Wisconsin agricultural product.[7] Vivid's signs are nonconforming under sec. 84.30 because they do not fit within any of these categories.

---

[6] Adjacent area means an area "which is adjacent to and within 660 feet of the nearest edge of the right-of-way of any interstate or primary highway or the Great River Road". Section 84.30(2)(a), Stats.

[7] Nearly all of these categories contain further restrictions. Therefore, the enumeration contained in this decision should not be interpreted as a full description of sec. 84.30(3)(a)–(i).

Section 84.30 also contains a just compensation provision that parallels that contained in 23 U.S.C. § 131(g). Section 84.30 provides:

**(6) Just Compensation.** The department shall pay just compensation upon the removal or relocation on or after March 18, 1972, of any of the following signs which are not then in conformity with this section, *regardless of whether the sign was removed because of this section:*

(a)  Signs lawfully in existence on March 18, 1972.

(Emphasis added.)

The italicized portion of this statute was added in 1979, following the similar amendment to 23 U.S.C. § 131(g), passed in 1978. *See* Sec. 1, ch. 253, Laws of 1979.

The plain language of sec. 84.30(6)(a) requires the DOT to pay Vivid just compensation for removal of the signs in this case. Vivid meets both statutory requirements for just compensation. The signs were not in conformity with sec. 84.30 at the time of their removal. The signs were visible from the main traveled way of Interstate 90, but did not fit within any of the categories allowed under sec. 84.30(3); therefore, they were prohibited by that section. Further, the signs were lawfully in existence on March 18, 1972. Both signs had been erected by 1966, neither in violation of then-existing law. The fact that the billboards were removed in the context of an eminent domain proceeding, rather than under sec. 84.30(5), which governs removal of nonconforming signs, is irrelevant. The express language of sec. 84.30(6) requires payment of just compensation *"regardless of whether the sign was removed because of this section."*

The DOT argues that the federal Highway Beautification Act and its Wisconsin counterpart is entirely distinct from general condemnation law. Apparently the DOT means to suggest thereby that the sec. 84.30(6) requirement that just compensation be paid applies only to signs removed pursuant to sec. 84.30. This argument is contrary to the express language of 84.30(6), as explained above.

■

The DOT adds that there is no authority "for the proposition that the highway beautification acts have modified state constitutional condemnation law." However, we have concluded that just compensation is *statutorily* required by sec. 84.30(6). Our determination is based entirely on the statute and does not involve the just compensation provision contained in article I, section 13 of the Wisconsin Constitution.

Contrary to the DOT's assertion, our conclusion is not inconsistent with the court of appeal's decision in *City of Whitewater v. Vivid, Inc.,* 140 Wis. 2d 612, 412 N.W.2d 519 (Ct. App. 1987). In *City of Whitewater,* the court of appeals held that just compensation was not required under sec. 84.30(6) when the city refused to renew a billboard lease on city-owned land. According to the court of appeals, after the federal Highway Beautification Act passed, several cases held that local governments did not have to pay just compensation when highway signs were ordered removed pursuant to local ordinances. *Id.* at 616. The court determined that the amendments to 23 U.S.C. § 131(g) and sec. 84.30(6), requiring that payment be made whether or not the signs were removed pursuant to the highway beautification act, were passed to prevent use of general zoning ordinances to circumvent payment. *Id.* at 617. However, the city of Whitewater was not acting

pursuant to a zoning ordinance. Rather, the city was acting as a landowner. The court reasoned that the city as a landowner had all the rights possessed by private landowners and these rights were not altered by sec. 84.30(6). *Id.* at 617.

In the present case, the DOT acted in an official governmental capacity to require removal of Vivid's billboards. Unlike the situation in *City of Whitewater,* the DOT's action is not analogous to that of a private landowner making a business decision regarding renewal of a lease. When a governmental body requires removal of billboards in its official capacity, sec. 84.30(6) requires just compensation for the removal.

The circuit court granted summary judgment to the DOT. Therefore, the circuit court did not decide the amount of just compensation that the DOT must pay to Vivid. Because we conclude that Vivid is entitled to just compensation under sec. 84.30(6), we affirm the court of appeals with the modification that the cause be remanded to the circuit court for a determination of the amount of just compensation that the DOT must pay.[8]

*By the Court.*—The decision of the court of appeals is modified and as modified the decision is affirmed.

---

[8] In determining just compensation, the circuit court should refer to section 84.30(7), Stats., which discusses the measure of just compensation and section 84.30(8), Stats., which discusses agreed price and adds that compensation is determined under section 32.05, Stats., if the DOT and the owner fail to reach agreement on the amount of compensation.